**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4028**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CHARLES LANDON WHITTAKER,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:06-cr-00758-RBH)

─────────────

Submitted:  August 22, 2007          Decided:  August 31, 2007

─────────────

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William F. Nettles, IV, Aileen P. Clare, Assistant Federal Public
Defenders, Florence, South Carolina, for Appellant. Alfred William
Walker Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Charles Landon Whittaker pled guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Whittaker to a seventy-one-month term of imprisonment. Whittaker appeals his conviction and sentence. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the colloquy held in accordance with Fed. R. Crim. P. 11, the district court's application of the cross-reference in U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(c)(1)(A) (2005), and the reasonableness of Whittaker's sentence. Counsel states, however, that, in his view, there are no meritorious issues for appeal. Whittaker was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but does not specify any deficiencies in the district court's Rule 11 inquiries. Because Whittaker did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Whittaker's guilty plea and ensured that Whittaker entered his plea

- 2 -

knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel next questions whether the district court erred in applying the cross-reference in § 2K2.1(c)(1)(A), which directs the application of USSG § 2X1.1 if the defendant used or possessed a firearm in connection with another offense. Here, at the plea hearing, Whittaker stipulated to the application of the cross-reference in light of his use of a double-barrel shotgun in the commission of an assault and battery with intent to kill. Thus, we find that the district court properly applied the cross-reference in determining Whittaker's offense level.

Finally, counsel suggests that Whittaker's sentence is unreasonable. In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a court still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."

- 3 -

United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

The district court sentenced Whittaker only after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. In addition, Whittaker's seventy-one-month sentence is the top of the properly calculated advisory guideline range and well within the ten-year statutory maximum sentence set forth in 18 U.S.C.A. § 924(a)(2) (West 2000 & Supp. 2007). Neither Whittaker nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because

- 4 -

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED